# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mario A. B., | Civ. No. 18-2705 (JRT/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Secretary of Homeland Security, et al., | |
| Respondents. | |

---

Mario A. B., *pro se* Petitioner.

Gregory Brooker, Esq., Assistant United States Attorney, counsel for Respondents.

---

BECKY R. THORSON, United States Magistrate Judge.

Petitioner requests release from custody pending his removal to Honduras. (Doc. No. 1, Habeas Pet.) Petitioner argues that his prolonged detention, beginning in September 2017, is unreasonable and violates due process. (*See id.*) As explained below, however, Petitioner was ordered removed on August 10, 2018, and the subsequent length of his post-removal-order detention is not unreasonable. Therefore, this Court recommends that Petitioner's petition for a writ of habeas corpus be denied.

## I.   Background

Petitioner, a native and citizen of Honduras, entered the United States illegally on or about August 2, 1993. (Doc. No. 7, Declaration of Sean E. Wright ("Wright Decl.")

¶ 4.) Petitioner was never admitted into the United States and remains an Inadmissible Alien. (*Id.*)

On January 31, 2017, Petitioner was convicted of criminal sexual conduct in South Dakota and sentenced to 364 days incarceration and eleven months probation. (Wright Decl. ¶ 5.) On September 8, 2017, Petitioner was served with a Notice to Appear in Removal Proceedings, charging Petitioner as removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for violating a crime involving moral turpitude. (Wright Decl. ¶ 7.) On September 8, 2017, the day Petitioner's removal proceedings commenced, immigration officials placed Petitioner into custody as a criminal alien subject to mandatory detention. (Wright Decl. ¶ 8); 8 U.S.C. § 1226(c).

On October 12, 2017, Petitioner appeared with counsel before an Immigration Judge and conceded his removability on two grounds: (1) as having been convicted of a crime of moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I); and (2) as being present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i). (Wright Decl. ¶ 9.) At the hearing, Petitioner moved for relief from removal by filing applications for asylum, suspension of removal, withholding of removal, and relief under the Convention Against Torture ("CAT"). (*Id.*)

Following a full hearing on the merits, on March 7, 2018, an Immigration Judge denied all relief from removal and ordered Petitioner removed from the United States. (Wright Decl. ¶ 10.) Petitioner reserved his right to file an appeal with the Board of Immigration Appeals, and he filed a timely appeal on April 9, 2018. (Wright Decl. ¶ 11.) On August 10, 2018, the BIA dismissed Petitioner's appeal and upheld the Immigration

Judge's order that Petitioner be removed to Honduras. (Wright Decl. ¶ 12.) On August 24, 2018, Petitioner appealed the BIA decision to the Eighth Circuit Court of Appeals and moved for a stay of removal. (*Id.* ¶ 13.) The Eighth Circuit denied Petitioner's motion for a stay on August 29, 2018. (*Id.* ¶ 14.)

## II.    Analysis

### A.    Habeas Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject-matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The Court has subject-matter jurisdiction under § 2241 because Petitioner was detained within this jurisdiction in the custody of DHS at the time he filed this Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his mandatory detention is not statutorily authorized and violates due process. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("[Section] 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

### B.    Post-Removal Detention

An alien's removal period begins on the latest of the following:

(i) the date the order of removal becomes administratively final.

(ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241, 8 U.S.C. § 1231(a)(1)(B)(i)–(iii). Petitioner's removal period began on August 10, 2018, when the BIA dismissed his appeal and upheld the Immigration Judge's removal order. *See Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011) (explaining that orders of removal become administratively final under 8 U.S.C. § 1231(a)(1)(B)(i) upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").[1] This action was filed on September 19, 2018, just over a month after the beginning of the removal period.

Petitioner's detention is governed by Section 241 of the INA, which provides that the Government must detain and secure an alien's removal within ninety days of the commencement of the removal period. 8 U.S.C. § 1231(a)(1)–(2). If an alien cannot be removed within that time, the Government may either release the alien under an order of supervision or, for certain classes of aliens—such as Petitioner, who was convicted of a crime of moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I), and also is present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i)—continue to detain them until their removal can be secured. *Id.* § 1231(a)(6) ("An alien

---

[1]    The beginning of the removal period is not affected by Petitioner's appeal because the Eighth Circuit did not issue a stay. *See Llorente v. Holder*, Civil No. 11-6940 (DMC), 2012 WL 1191147, at *5 (D.N.J. April 10, 2012) ("At this point in time and in the absence of a stay, Llorente's removal period began on March 1, 2012, when the BIA affirmed the order of removal and the removal order became administratively final.")

ordered removed who is . . . removable under section 1182 . . . may be detained beyond the removal period.").

In *Zadvydas*, the Supreme Court held that "an alien's post-removal-period detention" may not exceed "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Court elaborated that it is presumptively reasonable for the Government to detain an alien for six months following the start of the statutory removal period, after which the validity of continued detention depends on whether there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Petitioner, as of this writing, is less than four months into his post-removal-period detention. Therefore, Petitioner's ongoing detention can only be described as reasonable, and he is not entitled to relief under § 2241 and *Zadvydas*. *See Martinez-Senan v. Tritten*, Case No. 17-cv-5080 (WMW/BRT), 2018 WL 1226110, at *1 (D. Minn. Mar. 9, 2018) (finding detention reasonable because the six-month post-removal period had yet to expire); *see also Jado v. Decker*, Civil No. 3:CV-09-893, 2009 WL 1456595, at *2 n.4 (M.D. Penn. May 22, 2009) (recognizing that "in the event the mandatory 90 day period has not expired," the "present petition is premature"); *Gabriel v. Immigration and Custom Enforcement*, No. 08-CV-6178 (CJS) (VEB), 2009 WL 1272291, at *4 (W.D.N.Y. Feb. 23, 2009) (explaining that when "the petitioner's period of confinement" has "not yet exceeded that deemed presumptively reasonable by the Supreme Court," an "analysis of whether the petitioner will be repatriated in the reasonably foreseeable future is not required"); *Tolo v. Gonzales*, No. 06-0650-CB-C, 2007 WL 1575982, at *4 (S.D. Ala. May 29, 2007) ("[N]ot only had the six-month period not expired prior to the filing of the instant petition, it will not begin to run until after

Tolo petitions the appropriate court for judicial review . . . or decides not to seek judicial

review; thus, petitioner has not stated a claim for relief under 28 U.S.C. § 2241 and

*Zadvydas*."); *Beckford v. Dep't of Homeland Sec.*, No. CA 06-0667-WS-C, 2007 WL

748650, at *6 (S.D. Ala. Mar. 8, 2007) ("[T]he six-month period has not yet expired;

thus, petitioner has not stated a claim for relief under 28 U.S.C. § 2241 and *Zadvydas*.").

## III.    Recommendation

Based on the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1.    Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) be

**DISMISSED** without prejudice; and

2.    That judgment be entered accordingly.


Dated: January 4, 2019.                        *s/ Becky R. Thorson*_____
                                                BECKY R. THORSON
                                                United States Magistrate Judge


**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).